UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PAGAN,<br><br>    Petitioner,<br><br>v.<br><br>DAVID EBBERT, Warden,<br><br>    Respondent. | CIVIL ACTION NO. 1:15-CV-01244<br><br>(KANE, J.)<br>(SAPORITO, M.J.) |

## REPORT AND RECOMMENDATION

On June 25, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by petitioner Ronald Pagan on June 22, 2015. (Doc. 1). At the time of filing, Pagan was incarcerated at USP Lewisburg, located in Union County, Pennsylvania.

Pagan challenges his conviction and sentence in the United States District Court for the District of Connecticut for committing a violent crime (murder) in aid of racketeering, conspiracy to commit a violent crime in aid of racketeering, and using and carrying a firearm in relation to a crime of violence. *United States v. Pagan*, Case No. 3:97-CR-204-2 (D. Conn. Apr. 29, 1999), *aff'd*, 223 F.3d 102 (2d Cir. 2000), *cert. denied*, 532 U.S. 943 (2001). He was sentenced to life in prison on the murder charge,

to run concurrently with a ten-year sentence on the conspiracy charge and consecutively to a five-year sentence on the firearms charge. *Id.* The petition alleges that, based on a recent Supreme Court decision, Pagan is actually innocent of the murder and firearms charges because he did not know that his co-defendant possessed a gun until moments before it was used to kill the victim. He does not challenge his conviction with respect to the conspiracy charge, but he seeks to be resentenced.

Pagan has previously attempted to challenge his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court. *See Pagan v. United States*, No. 397CR204, 2003 WL 22953079 (D. Conn. Dec. 11, 2003) (denying certificate of appealability from Apr. 17, 2003, order denying § 2255 motion). He has previously attempted to obtain leave to file a successive § 2255 motion based on the very same grounds advanced in this petition, without success. *See Pagan v. United States*, No. 14-4684 (2d Cir. Apr. 13, 2015) (denying motion for leave to file successive § 2255 motion).

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or

the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under

2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Pagan challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Reid cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization

requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.

Dated: July __27__, 2015            _/s/ Joseph F. Saporito, Jr._____
                                                                  JOSEPH F. SAPORITO, JR.
                                                                  United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PAGAN, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01244 |
| v. | (KANE, J.) <br> (SAPORITO, M.J.) |
| DAVID EBBERT, Warden, | |
| Respondent. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July __27__, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July __27__, 2015

*[signature]*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge