IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PAGAN, | : | |
|     Petitioner | : | No. 1:15-cv-1244 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| DAVID EBBERT, Warden | : | (Magistrate Judge Saporito) |
|     Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    On June 25, 2015, Petitioner Ronald Pagan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction. (Doc. No. 1 at 1-2.) At the time of filing, Petitioner was serving a sentence at United States Penitentiary, Lewisburg after a February 8, 1999 conviction in the United States District Court for the District of Connecticut. (Id.) On February 8, 1999, a jury convicted Petitioner of murder, conspiring to murder, and "using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and (2)." United States v. Feliciano, 223 F.3d 102, 107, 110 (2d Cir. 2000).

    On July 7, 2015, Magistrate Judge Saporito issued a Report and Recommendation, recommending that this Court construe the filing as a Section 2255 motion and dismiss the petition without prejudice. (Doc. No. 6.) As Magistrate Judge Saporito discussed, Petitioner has previously and unsuccessfully challenged his conviction by filing a Section 2255 motion in the District of Connecticut. (Doc. No. 6 at 2); Pagan v. United States, No. 02-453, 2003 WL 22953079, at *1 (D. Conn. Dec. 11, 2003). On April 13, 2015, the Second Circuit similarly denied Petitioner's motion for leave to file a successive Section 2255 motion in the District of Connecticut. Mandate, Pagan v. United States of America, No. 14-4684 (2nd Cir. April 13,

1

2015).  As such, Magistrate Judge Saporito recommends dismissing the petition because: (1) Petitioner must file a Section 2255 motion in the sentencing court to challenge the validity of Petitioner's sentence instead of a Section 2241 motion; and (2) Petitioner's challenge does not fall within the narrow exception, allowing Petitioner to invoke Section 2241, where a Section 2255 motion would be "inadequate or ineffective."  (See Doc. No. 6 at 3-4.)

On August 28, 2015 and again on September 11, 2015, Petitioner filed objections to the Report and Recommendations.  (Doc. Nos. 11, 12.)  Petitioner contends that he may invoke Section 2241 because his challenge is based on the Supreme Court's intervening Rosemond v. United States decision and that a Section 2255 motion would, therefore, be "inadequate or ineffective."  (Doc. Nos. 11 at 1-2; 12 at 1-2.)  In essence, Petitioner appears to contend that Rosemond "made the crime for which that petitioner was convicted non-criminal." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)); (see Doc. Nos. 11, 12.)

In Rosemond, the Supreme Court addressed what "the Government must show when it accuses a defendant of aiding or abetting" the offense of using or carrying "a firearm during and in relation to any crime of violence or drug trafficking crime." Rosemond v. United States, 134 S. Ct. 1240, 1243 (2014) (internal quotations omitted).  The Supreme Court held that the Government must prove "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission."  Id.  The Supreme Court provided no indication whether Rosemond "applied retroactively to cases on collateral review."  Watson v. Mosley, No. 15-60335, 2016 WL 1273280, at *1 (5th Cir. Mar. 31, 2016).

Similarly, the United States Court of Appeals for the Third Circuit declined to address "whether a claim based on Rosemond may be brought via a § 2241 petition pursuant to the exception we recognized in Dorsainvil." Tawalebah v. Warden Fort DIX FCI, 614 F. App'x 46, 48 (3d Cir. 2015); see Rodriguez v. Warden Lewisburg USP, No. 15-3555, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016).  However, the "rule set forth in Rosemond does not appear to meet the qualifications for retroactive application" and "other district courts faced with similar challenges appear to have universally concluded that Rosemond does not apply retroactively." Rodriguez v. Thomas, No. 14-1121, 2015 WL 179057, at **4-5 (M.D. Pa. Jan. 14, 2015), aff'd sub nom. Rodriguez, 2016 WL 1127869, at *3.  Accordingly, because Rosemond does not apply retroactively to cases on collateral review, the Court agrees with Magistrate Judge Saporito's Report and Recommendation and will overrule Petitioner's objections.

**AND SO**, upon independent review of the record and applicable law, on this 13th day of April 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Saporito's Report and Recommendation (Doc. No. 6), is **ADOPTED**;

2. Petitioner Ronald Pagan's objections, (Doc. Nos. 11, 12), are **OVERRULED**;

3. Petitioner's Ronald Pagan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction;

4. Petitioner's Ronald Pagan's motions to amend the Section 2241 petition, (Doc. Nos. 15, 16), are **DENIED**; and

5. The Clerk of Court is directed to close the above-captioned case.

S/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania